AUREO AVELLANET, Plaintiff and Appellee, v. PORTO RICAN EXPRESS CO., Defendant and Appellant.

No. 8923. Argued May 8, 1944.—Decided May 12, 1944.

Hartzell, Kelley & Hartzell, A. Ramírez Silva, and Rafael O. Fernández for appellant. Pascasio Fajardo Martínez for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellee prays for the dismissal of this appeal on the ground that the judgment rendered by the District Court of Mayagüez is not appealable to this court.

The controversy involved herein is an action of claim for wages brought in the Municipal Court of Mayagüez pursuant to Act No. 10 of November 14, 1917, and thereafter amended.[1] The plaintiff alleged in his complaint that he had worked for defendant in various kinds of office work and that the latter owed him the sum of $2,602.36, as unpaid wages for overtime. After the case was heard in the municipal court the complaint was sustained and on appeal to the District Court of Mayagüez a trial was had, whereupon said court rendered judgment adjudging the defendant to pay the sum of $1,274.46, costs, and $200 as attorney's fees. From that judgment the defendant has taken the present appeal.

The appellee contends that Act No. 10 of 1917, as originally approved, was applicable to claims for wages for farm labor and that its §12 provides that "In no case of a claim for farm wages shall more than one appeal be allowed." That even though said Act was subsequently amended so as to establish a cause of action for claims of wages by manual laborers, persons employed in domestic services or occupations, artisans, employees or clerks of business or industry, §12, *supra,* however, was not amended. That according to the terms of the Act, the procedure determined for these cases is a summary proceeding, it being provided by §8 thereof that an appeal from the judgment rendered by the municipal court shall be taken after five days and it likewise provides that five days after the notice of appeal is filed, the clerk shall transmit to the corresponding district court the original record of the case. That notwithstanding this, the Act has no provision whatsoever fixing the terms for appeal-

---

[1] See *"Legislación Social de Puerto Rico,"* pp. 233 to 235.

ing from the judgment of the district court to this court and for filing the transcript of the evidence, respectively, it appearing, therefore, that it was the legislative intent to allow one appeal only in all cases of claims for wages, even though it did not amend §12, *supra*, which only limits the appeals in cases of claims for farm wages.

Lastly, the appellee contends, that the question involved herein has not been decided by this court and maintains that the case of *Muñoz* v. *District Court*, decided on March 7, *ante*, p. 226, shows that certiorari is the proper remedy.

▆▆▆ The appellee is wrong. In spite of his efforts in trying to show in his motion that it was the legislative intent to allow only one appeal in all cases of claims for wages, the true fact, more eloquent than all his arguments, is that, although the Legislature amended several Sections of Act No. 10 in 1923, 1932, 1935, and 1942, at no time did it amend §12 which limits such appeal to cases of farm labor only. By acting thus, it clearly expressed its intention. Its action in failing to provide for a summary proceeding in cases of appeal to this court, should be considered as indicative that the ordinary procedure established by the Code of Civil Procedure should be followed. This was expressly held in the case of *Collazo* v. *District Court* 61 P.R.R. 282. After citing §12, *supra*, we stated therein, at p. 284, as follows:

"Therefore, every action instituted in the municipal courts and decided on appeal by the district courts, wherein a claim for farm wages is not involved, may be appealed to the Supreme Court under subdivision 2 of §295 of the Code of Civil Procedure 'should the value of the property claimed or amount of the judgment not including products and interest thereon exceeded $300.' "

It is true that in said case we denied the petition for certiorari, but this was due to the fact that when it was decided Act No. 32 of May 3, 1943, had not yet been approved.

The case of *Muñoz* v. *District Court, supra,* invoked by the appellee, is easily distinguished from the instant case. In the former there was involved a claim for farm wages and we held that since it was not an appeal, §12, *supra,* did not preclude us from having jurisdiction to entertain the certiorari provided by Act No. 32 of 1943.

The judgment originally rendered by the municipal court in the case at bar was in an amount far exceeding $300, and, therefore, the judgment rendered by the district court is appealable to this court pursuant to subdivision 2 of §295 of the Code of Civil Procedure.

Appellee's motion is hereby dismissed.